IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FARRAH JOANN GARZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-00344-CB-N |
| | ) | |
| WARDEN CYNTHIA S. WHEELER-WHITE, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, Farrah Joann Garza, an Alabama inmate proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Alabama, Northern Division challenging her sentence for drug trafficking imposed by the Circuit Court for Baldwin County, Alabama.  The case was transferred to this Court on June 17, 2009, and then referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. On June 19, 2009, the Court entered an Order (Doc. 6) directing Ms. Garza to complete and file this Court's forms for a § 2254 petition and a motion to proceed without prepayment of fees by July 20, 2009.  Ms. Garza, in lieu only of a new motion to proceed without prepayment of fees, was allowed to pay a filing fee of $5.00 by the July 20, 2009 deadline.  Ms. Garza was warned that "failure to comply with [the Order of June 19, 2009] within the prescribed time . . . will result in a recommendation that the petition be dismissed without prejudice for failure to prosecute and to obey the Court's order."

Although the petitioner, Farrah Joann Garza, has filed her filing fee of $5.00 (Doc. 7) in lieu of completing a new motion to proceed without prepayment of fees, she did not comply with

the other requirement of the Court's Order of June 19, 2009 (Doc. 6), namely to complete and file this Court's form for a petition for habeas corpus relief under 28 U.S.C. § 2254. Consequently, the Court entered another Order on August 4, 2009 (Doc. 8) granting Ms. Garza "**one more chance** to set forth her petition on the correct form for this Court" and giving her until August 24, 2009 to do so.  Ms. Garza was again warned that "failure to comply with this Order within the prescribed time . . . **WILL** result in a recommendation that the petition be dismissed without prejudice for failure to prosecute and to obey the Court's order."  Ms. Garza has, however, again ignored completely the order of this Court.

      Due to Petitioner's failure to comply with the Court's order and to prosecute this action by setting forth her § 2254 petition on the proper form as directed by the Court, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice.  Link v. Wabash R.R. , 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

      In the present action, if plaintiff disputes the finding of failure to complete and file her §

2254 petition on this Court's proper form and wants to proceed with litigation of her action, she shall set forth in an objection to the report and recommendation the reason for her failure to comply with the Court's Orders of June 19 and August 4, 2009.  Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the Court's order).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 1st day of September, 2009.

/s/ Katherine P. Nelson
 KATHERINE P. NELSON
 UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  <u>Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>.  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.
> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomme<u>ndation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 1st day of September, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE